HUBBARD ET AL. v. MANNING ET AL.

Matters which might have been pleaded in the original action, cannot be pleaded to a *scire facias*.

ERROR from the Court of Common Pleas. Judgment was rendered against the defendants, in the capacity of administrators, execution issued, a *nihil* returned, and a *scire facias* brought to obtain execution *de bonis propriis;* to which the

defendants pleaded — That, by order and direction of the Court of Probate, who granted to them administration, they published an advertisement, requesting all persons who had any claims of debt against said estate, of which they were administrators, to exhibit said claims to the defendants, within six months from the date of said advertisement: That the same was kept in public view for the term of six months, and was well known to the plaintiffs; but that they wholly neglected and failed to exhibit their said claim of debt against said estate within the time limited: And afterwards, on the 16th day of March, 1786, both the plaintiffs and defendants appeared before said Court of Probate, and there, on full hearing, said court did refuse to allow the plaintiffs said claim against said estate.

On demurrer to this plea, judgment was, by the Court of Common Pleas, rendered for the defendants.

Mr. Spalding, for the plaintiffs in error, took this exception to the judgment — That the defendants had plead nothing in bar of the *scire facias*, but what ought to have been pleaded to the original action: That the defendants cannot now take advantage of these matters against the affirmance of this judgment, as they do not impeach the justice of the plaintiffs' demand, but relate only to the manner of prosecuting their claim; — and so was the case of Minor v. Cook, *ante*, 157, adjudged last term. This is also consonant to the principles laid down in all the English books of authority, see Croke, Eliz. 283, Allen v. Andrews; 1 Siderfin, 182; 1 Salkeld, 2, West v. Sutton.— By this omission to plead in abatement at the proper time, in the original action, the defendants have put the plaintiffs to great expense; it would therefore be unreasonable to allow the plaintiffs' demand to

be now defeated by dilatory matter, which is supposed to be waived.

Mr. Larrabee, for the defendants in error, contended — That the matter pleaded in bar of the *scire facias*, was substantial matter, which affects the right of action; therefore, it might well be taken advantage of at that stage of the process: That the case of Barton v. Cooke, relied upon on the other side, did not apply to the present case; for there the plea to the *scire facias* contained mere matter of abatement to the original suit, which the court adjudged was attached to the first process, and could not be taken advantage of afterwards, if waived at that time: That the nonclaim of the plaintiffs pleaded in this case, is proper matter in bar of their demand, and calls in question the foundation of the first judgment; therefore, might well be taken advantage of on the *scire facias*.

By the COURT. (DYER, J., absent) — The matters pleaded in bar of the *scire facias*, if true, might have been pleaded to the original action; and therefore could not be legally admitted in bar of the *scire facias*, the effect of which is to enforce payment from the defendants, out of their own goods, of a judgment, previously rendered against the goods of the deceased in their hands, as administrators.

The judgment was reversed.